IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANK ROSS, | § | |
| | § | |
| Defendant Below, | § | No. 104, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 8004000010, |
| | § | 8004000011, 8004000012 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 28, 2020
Decided: July 7, 2020

Before **SEITZ,** Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)  The appellant, Frank Ross, appeals from the Superior Court's denial of his motion for postconviction relief.  The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Ross's opening brief that the appeal is without merit.  We agree and affirm.

(2)  The record reflects that in September 1981, a Superior Court jury convicted Ross of first-degree murder, first-degree conspiracy, and possession of a

deadly weapon during the commission of a felony. The Superior Court sentenced him to imprisonment for life plus eight years. This Court affirmed on direct appeal.[1]

(3) On November 27, 2019, Ross filed a motion for postconviction relief, raising various issues concerning the instructions provided to the jury at his trial. The Superior Court denied the motion as procedurally barred under Superior Court Criminal Rule 61. Ross has appealed to this Court.

(4) Motions for postconviction relief are governed by the procedural and pleading requirements set forth in Superior Court Criminal Rule 61, as in effect at the time that the motion is filed.[2] Superior Court Criminal Rule 61(i)(1) bars a motion for postconviction relief that is filed "more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court." Ross's conviction became final more than three decades ago, and he has not asserted a newly recognized, retroactively applicable right that overcomes the procedural bar under Rule 61(i)(1). Nor has he asserted any claim that the Superior Court lacked jurisdiction or pleaded with particularity any new evidence of

---

[1] *Ross v. State*, 482 A.2d 727 (Del. 1984).
[2] *Durham v. State*, 2017 WL 5450746 (Del. Nov. 13, 2017).

2

actual innocence or any new, retroactive rule of constitutional law that applies to his case and renders his conviction invalid.[3]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3]DEL. SUPER. CT. CRIM. R. 61(i)(5), (d)(2).